IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JERRY SAENZ,

    Petitioner,          ORDER

  v.                09-cv-185-slc

GERALD BERGE, in his official capacity;
Alpha Unit Manager, MR. HOMPE;
LT. BIGGERS;
RENEA WALTZ; and
DOES 1-100; all in their official and
individual capacities,

    Respondents.

---

On April 16, 2009, this court entered an order extending to May 14, 2009, the deadline for petitioner to submit the $.85 initial partial payment in this case because his request for disbursement of funds was denied and it seemed possible petitioner would be able to make the payment with a three week extension. Now petitioner has written a letter to the court that I construe as a motion to order prison officials to submit the initial partial payment. Dkt. #12. In addition, the court has received from the prison a copy of a letter from a business office supervisor identified as "pjd" informing petitioner that the $.85 payment cannot be sent to this court because "deductions are already coming out for state filing fees" and cannot be overridden. Dkt. #11

The Seventh Circuit has not definitively ruled on the question whether jails and prisons may ignore a petitioner's obligations under the Prison Litigation Reform Act in favor of making payments on debts a prisoner owes to the county, state or even his victims under a restitution

program. However, in *Newlin v. Helman*, the court of appeals suggested in dicta that prison officials are required by statute to give priority to federal court filing fees: "[initial partial payment] should have been immediate, and its collection should have come off the top of the next deposit of prison wages." *Newlin v. Helman*, 123 F.3d 429, 435-36. Thus, the fact that petitioner owes filing fees for other cases should not prevent him from making the initial partial payment he has been assessed in this case.

An additional problem with the letter from supervisor "pjd" is that he or she appears to misunderstand the assessment and collection provisions of of 28 U.S.C. § 1915(b). In the letter, "pjd" states that petitioner's initial partial payment cannot be sent to this court because petitioner does not have at least $10 in his account. This is incorrect. Section 1915(b)(1) governs initial partial payments. It requires that the court shall collect initial partial payments "when funds exist." Section 1915(b)(2) applies *after* the initial partial payment has been made. It allows agencies having custody of a prisoner to wait to forward payments from the prisoner's account to the clerk of the court until "the amount in the account exceeds $10." However, nothing in the statute authorizes prison officials to refuse to make an initial partial payment simply because the amount in the prisoner's account does not exceed $10.

Because I do not wish to decide this matter without allowing the prison an opportunity to address the issue, I am sending a copy of this order to the warden at the Columbia Correctional Institution, and requesting that he look into the matter and advise this court, in writing, of the status of petitioner's request for withdrawal of the initial partial payment. If it

is the case that petitioner has not received any income since entry of the April 3 order assessing the $.85 payment and he has no available funds in his release account, then petitioner will have until May 14, 2009, to obtain the funds from another source or he may refile his case at a later date when a six-month trust fund account statement would show that he has had no income for an entire six-month period.  Alternatively, if the warden determines that a state statute, a state court order or prison policy is guiding the decision to give priority to petitioner's state court obligation to the exclusion of his federal court obligation, then he is requested to advise the court of that authority.  Petitioner's motion to order prison officials to submit the initial partial payment will be stayed pending the court's resolution of this issue.

ORDER

IT IS REQUESTED that no later than May 11, 2009, the warden at Columbia Correctional Institution is to advise this court of the status of petitioner's request for withdrawal of the initial partial payment in this case.

Further, IT IS ORDERED that petitioner's motion to order prison officials to submit the initial partial payment (dkt. #12) is STAYED pending receipt of the warden's correspondence

3

with this court regarding the withdrawal of petitioner's initial partial payment.

Entered this 27th day of April, 2009.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge