IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JERRY SAENZ,

                OPINION and ORDER

     Plaintiff,

                09-cv-185-slc[1]

  v.

GERALD BERGE, BRAD HOMPE,
LT. BIGGERS, RENEA WALTZ and
DOES 1-100,

     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   This is a puzzling case. On March 31, 2009, plaintiff Jerry Saenz filed a complaint in which he alleges that he is incarcerated at the "Supermax Correctional Institution," where he is in the "Special Management Program." As part of the program, plaintiff says that he has been placed naked in an "ice cold" cell that has "nothing in it, not even a mattress" and is covered with "food and feces." He has been denied food and medical care. Things got so

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the purpose of issuing this order only, I am assuming jurisdiction over the case.

1

bad for plaintiff, he attempted to commit suicide.  He concludes his complaint with the observation, "As of the date of this complaint, the plaintiff is still in these conditions." Accompanying plaintiff's complaint is a motion for a preliminary injunction.

Although these are troubling allegations, it is not the allegations that make this case puzzling.  Rather, it is the day the complaint is dated: September 30, 2001.

It seems that plaintiff originally filed the same complaint in this court in October 2001.  The clerk of court returned the complaint to plaintiff because he had not signed it; the clerk informed plaintiff the complaint could not be processed without his signature. Fed. R. Civ. P. 11(a) ("Every pleading . . . must be signed . . . by a party personally if the party is unrepresented. . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention.)  Plaintiff never submitted a signed complaint and the court took no further action.

Plaintiff is no longer housed at the Supermax Correctional Institution (which is now called the Wisconsin Secure Program Facility) and the program about which he complains has been abandoned.  <u>Gillis v. Litscher</u>, 468 F.3d 488, 495 (7th Cir. 2006).  It is not clear why plaintiff failed to comply with the clerk's directive until now, but that is what he has done. He has resubmitted identical copies of the documents he filed in 2001 (each of which still bears the clerk of court's stamp, dated October 11, 2001).  The only difference is that the complaint now includes plaintiff's signature.

2

Plaintiff has made an initial partial payment in accordance with 28 U.S.C. § 1915(b)(1). Because plaintiff is a prisoner, I am required under the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A.

Unfortunately for plaintiff, his seven and a half year delay in filing a signed complaint is fatal to his case. In Wisconsin, a person has six years from the date he has notice of his injury to file a lawsuit under 42 U.S.C. § 1983. Wudtke v. Davel, 128 F.3d 1057, 1061 (7th Cir. 1997); see also Malone v. Corrections Corp. of America, 553 F.3d 540, 542 (7th Cir. 2009). This is known as the statute of limitations. Although the basic rule is that a failure to comply with a statute of limitations is an affirmative defense that must be proven by the defendants, a district court may dismiss a complaint on its own motion if a party pleads enough information showing that the complaint is untimely. Cancer Foundation, Inc. v. Cerberus Capital Management, LP, 559 F.3d 671, 674-75 (7th Cir. 2009) ("Dismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations. But dismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness.") See also United States v. Lewis, 411 F.3d

3

838 (7th Cir. 2005); Gleash v. Yuswak, 308 F.3d 758, 760-61 (7th Cir. 2002); Kauthar v. SDN BHD v. Sternberg, 149 F.3d 659, 670 n. 14 (7th Cir. 1998). That situation is present here, because plaintiff's complaint plainly reveals that he was aware of all of his injuries in 2001 and he failed to file a proper complaint within six years.

Because I am dismissing the complaint on the basis of plaintiff's own allegations, this is a dismissal for failure to state a claim upon which relief may be granted. Jones v. Bock, 549 U.S. 199, 215 (2007) ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."). Therefore, I must assess a strike against petitioner under 28 U.S.C. § 1915(g), which requires courts to record a strike against a prisoner for each case he files that is dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." If a prisoner files three such actions or appeals, he may not proceed in forma pauperis unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that plaintiff Jerry Saenz's complaint is DISMISSED under 28 U.S.C. § 1915 for his failure to state a claim upon which relief may be granted. A strike will

4

be recorded under 28 U.S.C. § 1915(g). The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 7th day of May, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge