IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JERRY SAENZ,

                                                                 ORDER

                 Plaintiff,

                                                                 09-cv-185-slc

      v.

GERALD BERGE, BRAD HOMPE,
LT. BIGGERS, RENEA WALTZ and
DOES 1-100,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      I dismissed this case in an order dated May 7, 2009, on the ground that the limitations period on plaintiff's claim had expired. In his complaint, plaintiff alleged that defendants had subjected him to cruel and unusual conditions of confinement in 2001 while he was incarcerated at what was then called the Supermax Correctional Institution (now the Wisconsin Secure Program Facility). Because claims like plaintiff's alleging constitutional violations must be brought within six years of the date the plaintiff has notice of his injury, Wudtke v. Davel, 128 F.3d 1057, 1061 (7th Cir. 1997), I concluded that plaintiff failed to state a claim upon which relief may be granted. Cancer Foundation, Inc. v. Cerberus Capital Management, LP, 559 F.3d 671, 674-75 (7th Cir. 2009) ("Dismissing a complaint as

1

untimely at the pleading stage is . . . appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness.") Judgment was entered the same day. Dkt. 16.

More than four months later, plaintiff has filed what he calls a "reconsideration motion." He acknowledges that the motion cannot be considered under Fed. R. Civ. P. 59 (because he filed it more than 10 days after judgment was entered), but he asks the court to consider his motion under Fed. R. Civ. 60(b)(6), which authorizes a district court to vacate a judgment for "any other reason that justifies relief." Plaintiff says that he was unable to comply with the statute of limitations because he was seriously mentally ill "prior to, and subsequent to, the claims in this lawsuit."

Plaintiff's motion has multiple problems. First, his allegation that he could not file a lawsuit sooner is contradicted by the fact that plaintiff *did* file a complaint on this issue in October 2001. The complaint was rejected because plaintiff did not sign it and plaintiff failed to refile. Although plaintiff says that another prisoner assisted him with the complaint, plaintiff does not suggest that the other prisoner filed the complaint without plaintiff's consent or that his mental illness was so serious that he was unable to sign the complaint.

Perhaps more important, plaintiff does not explain why he waited more than four months to seek reconsideration of the dismissal. A plaintiff may not use Rule 60 simply as

2

a way to circumvent the deadline under Rule 59. Although Rule 60(b)(6) does not place a particular time limit on parties, "[a] motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). In determining whether the party's delay in bringing a motion under Rule 60 is "reasonable," a court must consider the reasons for the delay. Ingram v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 371 F.3d 950, 952 (7th Cir. 2004). In this case, plaintiff had all the information he needed to file a motion for reconsideration as soon as judgment was entered. He does not suggest that any disability prevented him from seeking relief at that time. Because defendant has failed to justify his delay in seeking reconsideration of the dismissal of his case, his motion for relief under Rule 60 must be denied.

ORDER

IT IS ORDERED that

1. Plaintiff Jerry Saenz's motion to file his affidavit under seal, dkt. #18, is GRANTED; and

2. Plaintiff's motion under Fed. R. Civ. P. 60 for relief from the judgment, dkt. #17,

is DENIED.

Entered this 23rd day of September, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge